IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**RICK L. BECK,**

        Plaintiff,

v.                                                               **Civil Action No. 5:14-CV-24**
                                                                                        **(BAILEY)**

**PROGRESSIVE ADVANCED
INSURANCE COMPANY et al.,**

        Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Presently pending before this Court is Defendants Progressive Advanced Insurance Company et al.'s Motion to Dismiss [Doc. 5], filed February 21, 2014. Plaintiff Rick L. Beck filed his Brief in Opposition [Doc. 13] on March 28, 2014. No reply was filed. This motion is now ripe for decision. For the reasons set forth below, this Court concludes that Defendants' Motion **[Doc. 5]** should be **DENIED**.

**I.**    **Background**

On January 22, 2012, plaintiff Rick Beck, a West Virginia resident, was injured during an automobile accident while traveling on a Pennsylvania interstate highway.[1] At the time of the accident, plaintiff was a passenger in a vehicle belonging to one Chadwick Crowe. The accident occurred when at-fault driver Kathy Dewoehrel drove her vehicle into a second vehicle; the second vehicle then struck Crowe's vehicle, causing plaintiff's injuries. Because Dewoehrel was underinsured, plaintiff made timely claims for

---

[1] These facts are summarized from plaintiff's Complaint. See [Doc. 1-2 at 6–16].

1

underinsured motorist benefits under two policies of insurance issued by defendants Progressive Advanced Insurance Company, an Ohio corporation, and Progressive Specialty Insurance Company.[2]  Defendants refused to pay plaintiff's claims.

On January 16, 2014, plaintiff initiated this action by filing suit against defendants in the Circuit Court of Ohio County, West Virginia.  [Doc. 1 at ¶ 1].  Defendants timely removed the case to this Court under its federal diversity jurisdiction, 28 U.S.C. § 1332.  *Id.* at ¶ 9.  Plaintiff filed a Motion to Remand on March 13, 2014, which this Court denied on April 1, 2014.  *See* [Doc. 15].  In the instant Motion, defendants move for dismissal of this action for (1) improper venue under Federal Rule of Civil Procedure 12(b)(3), (2) inconvenient forum under the doctrine of *forum non conveniens*, and (3) nonjoinder under Federal Rule of Civil Procedure 12(b)(7).[3]

## II.   Legal Standard

### A.   Fed. R. Civ. P. 12(b)(3)

Rule 12(b)(3) allows a party to move to dismiss a case for improper venue.  When an objection to venue is raised under Rule 12(b)(3), the burden is generally on the plaintiff to show that venue is proper.  **Colonna's Shipyard, Inc. v. City of Key West**, 735 F. Supp. 2d 414, 416 (E.D. Va. 2010) (citing **Bartholomew v. Va. Chiropractors Ass'n, Inc.**,

---

[2] Plaintiff originally named Progressive Casualty Company, rather than Progressive Specialty Insurance Company, as a defendant in this action.  *See* [Doc. 1-2 at 6].  On March 28, 2014, however, plaintiff moved to substitute Progressive Specialty Insurance Company as a defendant in lieu of Progressive Casualty Company.  *See* [Doc. 11].  This Court granted plaintiff's motion on April 1, 2014.  *See* [Doc. 16].

[3] Defendants' Motion also moves for dismissal of all claims against Progressive Casualty Company under Rule 12(b)(6) for failure to state a claim.  As Progressive Casualty Company is no longer a party to this action, however, that argument is now moot.  *See supra* n.2; *infra* section III.

612 F.2d 812, 816 (4th Cir. 1979), *overruled on other grounds by* **Union Labor Life Ins. Co. v. Pireno**, 458 U.S. 119 (1982)). The plaintiff is obliged, however, to make only a prima facie showing of proper venue in order to survive a motion to dismiss. **Aggarao v. MOL Ship Mgmt. Co.**, 675 F.3d 355, 366 (4th Cir. 2012). In assessing whether plaintiff has made that showing, courts must construe all factual allegations in favor of the plaintiff. *Id.* Unlike on a Rule 12(b)(6) motion, courts considering a Rule 12(b)(3) motion are permitted to consider evidence outside the pleadings. *Id.*

    **B.**    **Fed. R. Civ. P. 12(b)(7)**

Rule 12(b)(7) allows a court to dismiss an action for failure to join a party in accordance with Rule 19. The movant bears the burden of demonstrating that dismissal for nonjoinder is appropriate. **Disabled in Action v. Se. Pa. Transp. Auth.**, 635 F.3d 87, 97 (3d Cir. 2011); **R-Delight Holding LLC v. Anders**, 246 F.R.D. 496, 499 (D. Md. 2007). Dismissal for nonjoinder, however, is disfavored, and should be ordered only where "the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." **Owens-Illinois, Inc. v. Meade**, 186 F.3d 435, 441 (4th Cir. 1999).

In analyzing a motion to dismiss pursuant to Rule 12(b)(7), courts conduct a two-step inquiry. **Anders**, 246 F.R.D. at 498 (citing **Meade**, 186 F.3d at 440). First, the court must determine whether the party is "necessary" within the meaning of Rule 19(a). **Tucker v. Thomas**, 853 F. Supp. 2d 576, 584 (N.D. W.Va. 2012) (citing **Meade**, 186 F.3d at 440). Under Rule 19(a), a party is necessary where

    (A) in that person's absence, the court cannot accord complete relief among existing parties; or

3

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (I) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

If the party is necessary but cannot feasibly be joined, the court proceeds to the second prong of the inquiry, which asks whether the action can continue absent the party, or whether the party is "indispensable" under Rule 19(b). *Id.* In making that determination, the court considers four factors: (1) the extent to which a judgment rendered in the party's absence might prejudice that party or the other parties; (2) the extent to which any prejudice could be ameliorated; (3) whether a judgment rendered in the party's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Fed. R. Civ. P. 19(b).

### III. Discussion

As a preliminary matter, this Court notes that defendants' Motion to Dismiss was filed before this Court granted plaintiff's motion to substitute Progressive Specialty Insurance Company as a defendant in lieu of Progressive Casualty Company. *See supra* n.1. Thus, to the extent defendants' Motion requests dismissal of all claims against Progressive Casualty Company, it is **DENIED AS MOOT**, as Progressive Casualty

Company is no longer a party to this action.

Defendants' Rule 12(b)(3) and Rule 12(b)(7) arguments remain. For the reasons set forth below, both will be rejected.

**A.     Venue**

Defendants argue that this Court should dismiss this case for improper venue pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406. This Court disagrees.

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." As previously noted, Rule 12(b)(3) states that a party may move to dismiss for improper venue. Thus, this Court may dismiss under § 1406 and Rule 12(b)(3) only when venue is "wrong" or "improper" in this forum. ***Atl. Marine Constr. Co. v. United States Dist. Court for W. Dist. of Tex.***, 134 S.Ct. 568, 577 (2013).

The question whether venue is "wrong" or "improper" in a federal forum is governed by the general federal venue statute, 28 U.S.C. § 1391, which applies to "all civil actions" not subject to a more specific venue statute. 28 U.S.C. § 1391(a)(1); ***Atl. Marine***, 134 S.Ct. at 577 n.2. Pursuant to § 1391, venue may be laid in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." *Id.* at § 1391(b)(1). A defendant corporation is deemed to "reside" in a district when "such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* at § 1391(c)(2). In states with multiple districts, a defendant corporation is deemed to "reside" in any district within which it has sufficient minimum contacts to subject it to personal jurisdiction were the district a separate state. *Id.* at

§ 1391(d). Here, defendants are subject to this Court's personal jurisdiction, as explained below; consequently, defendants are deemed to "reside" in this judicial district, and venue is proper here.

### I. Personal Jurisdiction

Under Federal Rule of Civil Procedure 4(k)(1)(A), a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. ***Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.***, 334 F.3d 390, 398 (4th Cir. 2003) (citing ***ESAB Group, Inc. v. Centricut, Inc.***, 126 F.3d 617, 622 (4th Cir. 1997)). Thus, in order for a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: the assertion of jurisdiction (1) must be authorized by the forum state's long-arm statute and (2) must comport with Fourteenth Amendment due process principles. ***CFA Inst. v. Inst. of Chartered Fin. Analysts***, 551 F.3d 285, 292 (4th Cir. 2009).

The West Virginia long-arm statute permits the assertion of jurisdiction over a nonresident defendant in seven specified scenarios, including where the defendant "[t]ransact[s] any business in [West Virginia]." W.Va. Code § 56-3-33(a)(1). Fourteenth Amendment due process is satisfied where the nonresident defendant has sufficient "minimum contacts" with the forum state such that subjecting the defendant to suit in that forum "does not offend traditional notions of fair play and substantial justice." ***Int'l Shoe Co. v. Washington***, 326 U.S. 310, 316 (1945).

Here, defendants are licensed to transact business in West Virginia, regularly transact business in West Virginia, derive substantial revenue from their West Virginia

6

business, and maintain a service of process address in West Virginia. Defendants have not denied these contacts, and this Court finds that they satisfy both § 56-3-33(a)(1) and the minimum contacts test. *See* **York v. Prop. & Cas. Ins. Co.**, 2013 WL 5504435, at *10 (S.D. W.Va. Oct. 3, 2013) (slip op.) (finding sufficient minimum contacts where insurer was licensed to do business in West Virginia, did in fact do business in West Virginia, maintained address for service of process in West Virginia, and did not deny those contacts). This Court further finds that defendants have sufficient minimum contacts with this district itself, as defendants do not dispute that they regularly and systematically transact business in this district and derive revenue from doing so.[4]

Consequently, venue is proper in this district, as defendants are deemed to "reside" in this district under § 1391(d) and all defendants are "residents of the State in which th[is] district is located" as required by § 1391(b)(1). Dismissal of this case under Rule 12(b)(3)

---

[4] Further, it appears that defendants not only contemplated the possibility of being sued in this district but specifically required, according to the language of the insurance policies themselves, that plaintiff bring his suit in either Ohio County court or in this district. The contracts state that "[a]ny action brought against [defendants] pursuant to coverage under Part III - Uninsured/Underinsured Motorist Coverage must be brought in the county in which the person seeking benefits resides, or in the United States District Court serving that county." [Doc. 5-6 at 33]. At the time plaintiff filed his action in the Circuit Court of Ohio County, he was residing in Ohio County, and could have filed suit in this district under the terms of the contracts.

The insurance policies also contain a nationwide policy territory clause. *See* [Doc. 5-6 at 29] ("This policy applies only to accidents and losses . . . that occur within a state, territory, or possession of the United States of America."). The Fourth Circuit has held that a clause of this nature demonstrates an insurer's expectation of being haled into court in a foreign state: "Presumably, [the insurer] offers this type of broad coverage to induce customers to buy its policies and to pay higher premiums for them. The benefits thereby accruing to [the insurer] are neither fortuitous nor incidental. . . . If [the insurer] wished to avoid suit in Virginia or any other forum, it could have excluded that state from the 'policy territory.'" **Rossman v. State Farm Mut. Auto. Ins. Co.**, 832 F.2d 282, 286–87 (4th Cir. 1987).

or § 1406 would therefore be improper. See **Atl. Marine**, 134 S.Ct. at 577.

   **B.**   ***Forum Non Conveniens***

Defendants further argue that this Court should dismiss plaintiff's claims "in favor of a more convenient forum—the Commonwealth of Pennsylvania and the already pending state court action" pursuant to the doctrine of *forum non conveniens*. Again, this Court disagrees.

Under the doctrine, "when an alternative forum has jurisdiction to hear the case, and trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems," the court may dismiss the case even where jurisdiction and proper venue are established. ***Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.***, 549 U.S. 422, 429 (2007) (internal quotations omitted) (citing ***Am. Dredging Co. v. Miller***, 510 U.S. 443, 447–48 (1994)).

However, since the advent of 28 U.S.C. § 1404, which permits a federal district court to transfer a case to an alternative federal district court based upon the convenience of the parties,[5] *forum non conveniens* is rarely applicable in federal courts; it is "largely limited . . . to cases where the alternative forum for litigating the dispute is outside of the United States." *See, e.g.*, ***Compania Naviera Joanna SA v. Koninklijke Boskalis Westminster***

---

[5] Curiously, defendants fail to make any argument whatsoever concerning the propriety of transferring this case to an alternative federal forum under § 1404. Section 1404 is mentioned only once, in the first paragraph of defendants' memorandum: "Defendants . . . move this Court, pursuant to 28 U.S.C. §§ 1391, 1404, and 1406 . . . to dismiss Plaintiff's Complaint against them." *See* [Doc. 5-1 at 1]; *see also* [Doc. 5 at 1] (same). Section 1404, however, provides for transfer of a suit to a different federal forum, not dismissal. *See* 28 U.S.C. § 1404.

*NV*, 569 F.3d 189, 201 (4th Cir. 2009). The Supreme Court, however, has noted that the doctrine may "perhaps" apply "in rare instances where a state or territorial court serves litigational convenience best." ***Sinochem***, 549 U.S. at 430 (citing 14D C. Wright, A. Miller, & E. Cooper, Fed. Prac. & Proc. § 3828, pp. 620–23 & nn.9–10 (3d ed. 2007)).

Defendants argue that dismissal of this suit on *forum non conveniens* grounds "in favor of the pending lawsuit [between plaintiff and tortfeasor Kathy Dewoehrel] in Pennsylvania" is appropriate, implying that this case presents one of those "rare instances" to which the ***Sinochem*** Court alluded. According to plaintiffs, however, the Pennsylvania lawsuit is no longer pending, as a settlement of that lawsuit has been reached and "Progressive itself has consented to the settlement." [Doc. 13 at 6]. Defendants have not contested these facts. Their argument concerning dismissal in favor of a now-settled state suit must therefore be rejected.

To the extent defendants' argument can be construed to propose the Court of Common Pleas of Allegheny County[6] as an appropriate alternative forum absent the current pendency of a related tort claim, that argument must also be rejected. A defendant invoking *forum non conveniens* "bears a heavy burden" in opposing the plaintiff's chosen forum, particularly where the plaintiff resides there, as plaintiff does here. ***Sinochem***, 549 U.S. at 430. Courts weigh a number of factors in making a *forum non conveniens* determination, including (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for securing attendance of unwilling witnesses; (3) the cost of securing attendance of willing witnesses; and (4) the public interest, including

---

[6] The now-settled underlying tort claim was filed in the Court of Common Pleas of Allegheny County. *See* [Doc. 5-3].

9

administrative burdens, the interest in having a local controversy decided locally, and having the trial of a diversity case in a forum at home with the governing state law.  *See Am. Dredging*, 510 U.S. at 448–49.

Defendants argue that dismissal is warranted because (1) the insurance policies at issue were sold, issued, and delivered in Pennsylvania; (2) the claim handling for plaintiff's underinsured motorist claims occurred in Pennsylvania; (3) all of the witnesses are located in Pennsylvania; and (4) Pennsylvania law governs plaintiff's claims.  In response, plaintiff contends that (1) he resides in West Virginia and has resided there since shortly after the accident underlying his claims; (2) all of the claim-handling correspondence was either directed to West Virginia or generated from West Virginia, as plaintiff retained a West Virginia attorney after the accident; and (3) if this action is dismissed, plaintiff will be forced to refile exactly the same proceeding in Pennsylvania, which does not comport with the interest of justice.

This Court finds that the private-interest factors—where the claim handling occurred and where the witnesses are located—are a wash in this case, as the events, decisions, and communications related to this suit occurred in both Pennsylvania and West Virginia.  Consequently, records and documentary evidence of the claim handling process are located within both fora.  Further, with respect to convenience of the witnesses, defendants have offered nothing more than a conclusory allegation that "all of the witnesses are located [in Pennsylvania]."  Plaintiff, contrary to defendants' suggestion, is located in West Virginia, and defendants have not specifically identified any potential witnesses located in Pennsylvania or explained how those witnesses would be burdened by suit in this forum.  Additionally, the Northern District of West Virginia and Pennsylvania are in close proximity,

so even if established, this factor would weigh only slightly in favor of dismissal.

The relevant public interest factors, however, weigh somewhat more heavily in defendant's favor. First, defendants note that Pennsylvania law, rather than West Virginia law, applies to the insurance contracts at issue. This Court may therefore be required "to untangle problems in conflict of laws, and in law foreign to itself" in adjudicating this matter, a factor weighing in favor of dismissal. *See, e.g.*, **Piper Aircraft Co. v. Reyno**, 454 U.S. 235, 263 (1981). However, "[w]hile applying foreign law might pose a burden, it is not enough to push the balance strongly in favor of [defendant] in the overall inquiry." **DiFederico v. Marriott Int'l, Inc.**, 714 F.3d 796, 808 (4th Cir. 2013) (finding that the district court overstated the burdens attendant to applying Pakistani law and noting that same "provide[d] little reason for granting a dismissal on the basis of *forum non conveniens*").

A second public interest factor favors dismissal: although it ultimately settled, the underlying tort action was filed in Pennsylvania state court, *see* [Doc. 5-3], and there is an inherent appeal in having all litigation stemming from one controversy adjudicated in one court system. *See* **Howard Univ. v. Watkins**, 2007 WL 763182, at *5 (D. Md. 2007) (citing **Mitcheson v. Harris**, 955 F.2d 235, 239 (4th Cir. 1992)). Attempting to counter this point, Plaintiff makes the conclusory statement that compelling him to refile in Pennsylvania would not comport with the interest of justice, but he fails to explain why, and cites an inapposite case in support: **Smith v. Aegon USA, LLC**, 770 F. Supp. 2d 809 (W.D. Va. 2011), which concerns transfer of venue under § 1406(a), not dismissal on *forum non conveniens* grounds. Moreover, while the **Aegon USA** court did decline to dismiss the case, it opted instead to transfer. *See* **Aegon USA**, 701 F. Supp. 2d at 813.

In sum: while the public interest factors weigh slightly in defendants' favor, the private interest factors favor neither plaintiff nor defendants. This Court therefore finds that defendants have failed to bear the "heavy burden" required to justify dismissal on *forum non conveniens* grounds.

### C. Joinder

Finally, defendants argue that complete relief cannot be accorded among the parties to this action unless Kathy Dewoehrel is joined to the suit, as "Plaintiff's claim . . . is dependent upon the amount of damages or settlement value for the underlying tort claim (currently being litigated in Pennsylvania)." *See* [Doc. 5-1 at 11]. As previously discussed, however, the underlying tort claim has now settled. Defendants, moreover, have consented to the settlement, waived their rights of subrogation against Dewoehrel, and authorized plaintiff to execute a general release in favor of Dewoehrel. *See* [Doc. 13-4]. Accordingly, Dewoehrel's absence neither prevents this court from affording complete relief among the parties, impairs Dewoehrel's ability to protect her interests, nor leaves any parties to this litigation vulnerable to the risk of incurring inconsistent obligations. *See* Fed. R. Civ. P. 19(a). Defendants' argument is without merit.

### CONCLUSION

Consequently, Defendants' Motion to Dismiss **[Doc. 5]** is hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record herein.

**DATED:** April 15, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE